UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MARTIN,

      Plaintiff,

v.                                              Case No.  8:07-cv-136-T-24 MAP

CITY OF TAMPA, FLORIDA, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on four motions: (1) Defendant Liza Doane's Motion to Dismiss (Doc. No. 6), which Plaintiff opposes (Doc. No. 16); (2) Defendant Michael Meyer's Motion to Dismiss (Doc. No. 7), which Plaintiff opposes (Doc .No. 17); (3) Defendant Kenneth Morman's Motion to Dismiss (Doc. No. 8), which Plaintiff opposes (Doc. No. 18); and (4) Defendant David Walker's Motion to Dismiss (Doc. No. 9), which Plaintiff opposes (Doc. No. 19).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but

whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff alleges the following in his complaint (Doc. No. 1): Defendants Liza Doane, David Walker, Michael Meyer, and Kenneth Morman are police officers for Defendant City of Tampa. (¶ 12-15).  On or about November 12, 2003, the Tampa Police Department set up a prostitution sting operation at or about 113th Street North and Nebraska Avenue in Tampa, Florida. (¶ 16).  On that day, Plaintiff was driving home from work and noticed a white female standing on the corner of 113th Street North and Nebraska Avenue. (¶ 17, 18).  Due to the heavy rain, Plaintiff offered the female a ride. (¶ 18).

The female was Doane, who was working undercover.  As Doane opened the passenger door of Plaintiff's car, unmarked squad cars converged upon Plaintiff's car, and Plaintiff was placed under arrest by Walker and Meyer for soliciting Doane for prostitution. (¶ 19).  Walker, Meyer, and Morman seized Plaintiff's car and $288,000 that was inside the trunk of Plaintiff's car. (¶ 22, 23).  The car was sold at auction without Plaintiff's consent. (¶ 22).

Plaintiff alleges that Doane, Walker, Meyer, and Morman caused the commencement or continuation of criminal proceedings against him in the absence of probable cause that Plaintiff committed any criminal offense. (¶ 2).  Plaintiff went to trial on the charge in state court, but after the jury was empaneled, Doane refused to appear in court and testify. (¶ 21).  As a result of Doane's refusal to appear and testify, the state court dismissed the charge with prejudice. (¶ 21).

Plaintiff asserts three claims: Count I: 42 U.S.C. § 1983 claim against the City of Tampa,

Count II: § 1983 claim against Doane, Walker, Meyer, and Morman in their individual capacities, and Count III: false arrest/false imprisonment against City of Tampa. In Count II, Plaintiff alleges that Doane, Walker, Meyer, and Morman personally participated in or proximately caused Plaintiff's arrest and detention in the absence of probable cause, and as such, they violated Plaintiff's rights under the Fourth and Fourteenth Amendment to be free from arrest and detention in the absence of probable cause.

### III.  Motions to Dismiss

Doane, Walker, Meyer, and Morman (collectively referred to as "Police Officer Defendants") move to dismiss Count II, arguing (1) that Plaintiff has failed to meet the heightened pleading requirements of § 1983; (2) that Plaintiff fails to sufficiently state a cause of action for wrongful seizure under § 1983; (3) that Plaintiff fails to sufficiently state a cause of action for malicious prosecution under § 1983; and (4) that Plaintiff fails to state a cause of action for a Fourteenth Amendment Due Process violation. Accordingly, the Court will address each argument.

#### A.  Heightened Pleading

The Police Officer Defendants argue that Plaintiff has failed to meet the heightened pleading requirement when asserting a § 1983 claim against officials acting in their individual capacities. See Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005)(citation omitted). Specifically, they argue that while Plaintiff alleges the absence of probable cause several times, such is a legal conclusion and not a factual allegation. Furthermore, they argue that the standard in a qualified immunity case is arguable, not actual, probable cause,[1] and they argue that Plaintiff

---

[1] Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir. 1999)(citations omitted).

has not sufficiently alleged facts that show the absence of arguable probable cause. As explained below, the Court rejects these arguments.

In order to state a § 1983 claim, Plaintiff must plead two things: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980)(citations omitted). Plaintiff has alleged that the Police Officer Defendants deprived him of his Fourth Amendment rights to be free from arrest without probable cause and free from malicious prosecution and that the Police Officer Defendants violated these rights while acting under color of state law. Furthermore, Plaintiff has alleged facts to support his allegations that these rights were violated, and more specifically, that there was no probable cause to arrest him and that all of the Police Officer Defendants personally participated or proximately caused Plaintiff's arrest and the criminal proceedings against him. Plaintiff alleges that he was arrested and prosecuted for soliciting a prostitute when all he did was offer a woman a ride so that she would not be left standing out in the rain.

To the extent that the Police Officer Defendants argue that Count II should be dismissed for failing to allege the lack of *arguable* probable cause, the Court rejects this argument.[2] Whether there was arguable probable cause is relevant to the defense of qualified immunity, not to whether Plaintiff has sufficiently stated a § 1983 claim. See id. It does not appear to the Court that the Police Officer Defendants are actually raising the defense of qualified immunity at this time; rather, it appears that they are asserting that the allegations in the complaint are not

---

[2]Arguable probable cause exists "if a reasonable police officer, knowing what [the Police Officer Defendants] knew, could have believed there was probable cause." Jones, 174 F.3d at 1283 (citations omitted).

sufficiently detailed in order to allow them to raise such a defense. As stated above, the Court rejects the argument that Plaintiff's § 1983 claim is not sufficiently pled.

Furthermore, even if the Police Officer Defendants are raising the defense of qualified immunity to the extent that they argue that the facts alleged show that there was arguable probable cause to arrest Plaintiff, the Court rejects this argument. Construing the allegations in the complaint in the light most favorable to Plaintiff and considering Plaintiff's argument in response to the motions to dismiss that the conversation between Plaintiff and Doane (in which he offered her a ride because it was raining) was being taped and that Walker, Meyer, and Morman heard the conversation while it was occurring, the Court cannot find that it appears beyond doubt that Plaintiff can prove no set of facts to show a lack of arguable probable cause.

### B. Wrongful Seizure

Next, the Police Officer Defendants argue that Plaintiff fails to sufficiently allege a wrongful seizure claim under § 1983 regarding the seizure of Plaintiff's car and the money in the trunk. Specifically, they argue that the seizure was reasonable and not a violation of the Fourth Amendment because the driver and sole occupant of the car was under arrest. The Court rejects this argument.

In general, seizures of personal property must be accompanied by probable cause. See Lindsey v. Storey, 936 F.2d 554, 558 (11th Cir. 1991)(citation omitted). The Court has found that Plaintiff has sufficiently alleged that he was arrested without probable cause, and as such, the Court finds that he has sufficiently alleged a cause of action for wrongful seizure.

### C. Malicious Prosecution

Next, the Police Officer Defendants argue that Plaintiff fails to sufficiently allege a

5

malicious prosecution claim under § 1983. In order to state such a claim, Plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004)(citation omitted). "Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Id. (citations omitted).

      The Police Officer Defendants argue that Plaintiff has failed to allege facts to show that they were the legal cause of judicial proceedings against him or that there was malice. While the Court rejects the argument that Plaintiff has failed to allege facts to show that the Police Officer Defendants were the legal cause of judicial proceedings against him (since Plaintiff alleged that they were the legal cause in paragraph two of his complaint), their argument that Plaintiff has failed to allege malice is well-taken. Plaintiff does not address this argument in his responses to the motions to dismiss. Accordingly, the Court finds that Count II should be dismissed to the extent that Plaintiff is asserting a malicious prosecution claim. However, the Court notes that Plaintiff requests leave to amend the complaint if the Court finds that he fails to state a claim. If Plaintiff wishes to pursue his malicious prosecution claim, the Court will grant him leave to amend the complaint to allege malice.

**D. Due Process**

Next, the Police Officer Defendants argue that Plaintiff fails to state a claim for a violation of his Fourteenth Amendment Due Process rights. Specifically, they argue that there is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from prosecution without probable cause. See Albright v. Oliver, 510 U.S. 266, 268 (1994). Furthermore, the Court notes that there is no Fourteenth Amendment Due Process right to be free from arrest without probable cause. See Colosimo v. City of Port Orange, 2005 WL 1421294, at *3 (M.D. Fla. June 16, 2005); Johnson v. Wright, 423 F. Supp.2d 1242, 1255 (M.D. Ala. 2005)(citations omitted).

Plaintiff has not addressed the Police Officer Defendants' argument in his responses to the motions to dismiss. As such, the Court dismisses Count II to the extent that Plaintiff is attempting to assert a violation of his Fourteenth Amendment Due Process Rights due to the alleged arrest without probable cause and prosecution.[3]

---

[3] However, the Court notes that Plaintiff may be asserting a violation of the Fourteenth Amendment based on his detention pursuant to the arrest. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law. Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996)(internal and external citations omitted). The Police Officer Defendants have not moved to dismiss Count II to the extent that Plaintiff may be asserting a false imprisonment claim under § 1983. While the Court expresses no opinion on whether a false imprisonment claim against the Police Officer Defendants is sufficiently stated (and the Court is not certain that one is even being asserted), since the Police Officer Defendants have not moved to dismiss such a claim, it remains to the extent that Plaintiff is attempting to assert it.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Police Officer Defendants' Motions to Dismiss (Doc. No. 6, 7, 8, 9) are **GRANTED IN PART AND DENIED IN PART**: The motions are **GRANTED** to the extent that the Court dismisses without prejudice Plaintiff's § 1983 claim to the extent that it is based on malicious prosecution and dismisses with prejudice Plaintiff's § 1983 claim to the extent that Plaintiff is attempting to assert a violation of his Fourteenth Amendment Due Process Rights due to the alleged arrest without probable cause and prosecution; otherwise, the motion is **DENIED**.

(2) Plaintiff may amend Count II in order to allege a § 1983 claim for malicious prosecution.[4] If Plaintiff wants to amend his complaint, he must file the amended complaint no later than May 7, 2007 or the Court will consider the malicious prosecution claim to be abandoned.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[4] If Plaintiff amends his complaint, he may also add the allegations that the conversation between Plaintiff and Doane was taped and that Walker, Meyer, and Morman heard the conversation while it was occurring.