**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIAM MARTIN,

      Plaintiff,

vs.                                                    Case No.:   8:07-cv-00136-T-24MAP

CITY OF TAMPA, FLORIDA, a political
subdivision of the State of Florida;
LIZA DOANE, an individual and in her capacity as a
Tampa Police Officer;
MICHAEL MEYER, an individual and in her capacity as a
Tampa Police Officer;
KENNETH MORMAN, an individual and in his capacity as a
Tampa Police Officer;
DAVID WALKER, an individual and in her capacity as a
Tampa Police Officer;

      Defendants.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLIAM MARTIN ("WILLIAM MARTIN") sues Defendants, CITY OF TAMPA, FLORIDA, ("CITY") a political subdivision of the State of Florida; LIZA DOANE, ("DOANE") individually and in her capacity as a Tampa Police Officer; DAVID WALKER, ("WALKER") individually and in his capacity as a Tampa Police Officer; MICHAEL MEYER, ("MEYER") individually and in his capacity as a Tampa Police Officer; KENNETH MORMAN, ("MORMAN") individually and in his capacity as a Tampa Police Officer; and alleges:

**INTRODUCTORY STATEMENT**

1.    Plaintiff, WILLIAM MARTIN ("MARTIN") sues Defendants, CITY OF TAMPA, FLORIDA; ("CITY") a political subdivision of the State of Florida; LIZA DOANE, ("DOANE") individually; DAVID WALKER, ("WALKER") individually; MICHAEL MEYER, ("MEYER")

individually and; KENNETH MORMAN, ("MORMAN") individually, for acts occurring during the course and scope of their employment as Officers with the City of Tampa Police Department, for committing acts under color of law, which deprived the Plaintiff of rights secured under the Constitution, laws of the United States, and the State of Florida, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. Plaintiff alleges that Defendants, DOANE, WALKER, MEYER AND MORMAN, unlawfully caused the arrest and detention of Plaintiff, in violation of his Constitutional rights and the laws of the State of Florida. Plaintiff alleges that Defendants, DOANE, WALKER, MEYER AND MORMAN, caused the commencement or continuation of criminal proceedings against Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense, and that Plaintiff prevailed in said action.

3. This is a civil action for compensatory and punitive damages and for declaratory relief for violation of the protections guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

4. Plaintiff maintains that the deprivations and violations of his constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of defendants in their official capacity, and that the named defendants, acting under color of state law, knowingly caused plaintiff to be deprived of his federal constitutional rights.

5. Plaintiff requests this court to declare that the acts and/or omissions by defendants were unconstitutional under the United States Constitution and by an award of compensatory and punitive damages, compensate him for the violations of his constitutional rights and deter the defendants from further participation in such unconstitutional acts and/or omissions.

6.     Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of § 768.28, Florida Statutes. A copy of Plaintiff's notice letter is attached hereto as Exhibit "A".

## JURISDICTION AND VENUE

7.     This action arises under and is brought pursuant to 42 U.S.C. §1983 and § 1988 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

8.     Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201 and 2202 and Federal Rule Civil Procedure, Rule 57.

9.     This cause of action arose in the Middle District of Florida. Therefore, venue is proper under 28 U.S.C. §1391(b).

## THE PARTIES

10.    Plaintiff WILLIAM MARTIN, ("MARTIN") is, and at all material times was, a citizen of the United States and a resident of the State of Florida.

11.    Defendant, CITY OF TAMPA, FLORIDA, ("CITY OF TAMPA") is a political subdivision of the State of Florida;

12.    Defendant, LIZA DOANE, ("DOANE") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant DOANE was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant

to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

13. Defendant, DAVID WALKER, ("WALKER") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant WALKER was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

14. Defendant, MICHAEL MEYER, ("MEYER") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant MEYER was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

15. Defendant, KENNETH MORMAN, ("MORMAN") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant MORMAN was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA

and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

## FACTS COMMON TO ALL COUNTS

16. On or about November 12, 2003, the Tampa Police Department had set up a prostitution sting operation at or about 113th Street N. and Nebraska Avenue in Tampa, Florida.

17. On or about November 12, 2003, Plaintiff MARTIN was driving home from work on 113th Street N. in Tampa, Florida in his 1991 two- (2) door Gray Ford Mustang bearing license plate Number U98XRI, with VIN # 1FACP40E2MF110584.

18. As Plaintiff MARTIN got to the intersection of 113th Street N. and Nebraska Ave., he noticed a white female standing in the street at the corner of 113th Street N. and Nebraska Ave. Due to the heavy rain, Plaintiff MARTIN offered the female a ride.

19. Defendant DOANE continued to engage the Plaintiff in a lengthy conversation that was overheard by Defendants WALKER, MEYER and MORMAN from Defendant DOANE'S body-wire. During the conversation with Defendant DOANE, it is plainly her that Plaintiff MARTIN is attempting to persuade Defendant DOANE out of participating in the business of prostitution. In fact, Plaintiff MARTIN is heard on the tape telling undercover officer Defendant DOANE to "get a job", "stop risking her life working the streets" and "to be careful because there are bad people in the streets" among other things. It is clear during the conversation that Plaintiff MARTIN is not soliciting Defendant DOANE for any sex. In fact, Plaintiff MARTIN tells Defendant DOANE he has no money and needs to see a friend to go and borrow money.

20. At some point in time during the conversation, Plaintiff MARTIN'S vehicle was surrounded by unmarked squad cars from the Tampa Police Department when they converged

upon Plaintiff MARTIN'S vehicle and unlawfully and without sufficient probable cause, placed Plaintiff MARTIN under arrest by Defendant WALKER and Defendant MEYER for Soliciting another for Prostitution and detained.

21.     As a result of his unlawful arrest and detention, Plaintiff MARTIN had to obtain bail money to get out of jail on the criminal charges. As a result of his unlawful arrest and detention, Plaintiff MARTIN had to retain the services of an attorney to defend his case. The matter was set for jury trial on February 17, 2004 in front of the Honorable Judge Joelle Ann Ober, in courtroom 18, Courthouse Annex, Tampa, Florida.

22.     On the date set for trial of February 17, 2006, after the jury was empanelled, Defendant DOANE refused to appear in open court and refused to testify. As a result of Defendant DOANE'S refusal to appear and testify, the Court dismissed the charges with prejudice.

23.     As a result of his unlawful arrest and detention, the Tampa Police Department through Defendants WALKER, MEYER and MORMAN, illegally and unlawfully seized Plaintiff MARTIN'S 1991 Gray Ford Mustang and without notice of seizure and/or forfeiture, sold the vehicle at auction without MARTIN'S permission and/or consent.

24.     Additionally, as a result of his unlawful arrest and detention, the Tampa Police Department through Defendants WALKER, MEYER and MORMAN, illegally and unlawfully seized approximately $288,000.00 in United States Currency from the trunk of Plaintiff MARTIN'S 1991 Gray Ford Mustang. For the next twelve days, Defendant MORMAN, as well as other officers with the Tampa Police Department kept and refused to return the $288,000.00 in United States Currency to Plaintiff MARTIN, despite being in possession of all proper paperwork clearly showing the legality of the funds.

## COUNT I
## PLAINTIFF MARTIN'S CUSTOM, POLICY AND PRACTICE
## CLAIM AGAINST CITY OF TAMPA, FLORIDA
## COGNIZABLE UNDER TITLE 42 U.S.C. § 1983

For this cause of action against Defendant CITY, in Count I, Plaintiff states as follows:

25.     Plaintiff MARTIN re-alleges and adopts as if fully set forth in Count I, the allegations of paragraphs 1 through 24.

26.     Defendant CITY OF TAMPA was the final policymaker for matters occurring within the TAMPA POLICE DEPARTMENT and the sworn and unsworn law enforcement officers employed by the TAMPA POLICE DEPARTMENT acted under the direction and control of Defendant CITY OF TAMPA and pursuant to the official policy or the practice, custom and usage of CITY OF TAMPA or as a result of the lack of official policy.

27.     Acting under color of law, by and through the policymakers of Defendant CITY OF TAMPA and pursuant to either official policy or the practice, custom, and usage of Defendant CITY OF TAMPA intentionally, knowingly, recklessly, or with deliberate indifference to the rights, privileges, and immunities guaranteed by the United States Constitution, failed to instruct, supervise, control and/or discipline, on a continuing basis, its agents, servants, and employees, so as to prevent the unlawful arrest of Plaintiff, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

28.     Defendant CITY OF TAMPA, had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline its agents and/or employees on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged, or that other unlawful or unconstitutional acts were going to be committed.  Defendant CITY OF TAMPA had power to prevent or aid in the prevention of the commission of said wrongs, could have done

so, and intentionally, knowingly, or with deliberate indifference to the constitutionally protected right of others, failed or refused to do so.

29. Defendant CITY OF TAMPA directly or indirectly, under color of law, approved or ratified the unlawful and deliberately indifferent conduct heretofore described.

30. The official policy, or the lack of necessary policies, and/or the practice, custom, and usage of Defendant CITY OF TAMPA caused the deprivation of Plaintiff MARTIN'S constitutionally protected rights contrary to the United States Constitution and 42 U.S.C. § 1983.

31. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff MARTIN has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

32. As a further direct and proximate result of the conduct of Defendant CITY OF TAMPA, Plaintiff MARTIN suffered mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff, MARTIN, will suffer the losses in the future, in violation of Plaintiff MARTIN'S, civil rights. Plaintiff MARTIN, has agreed to pay the undersigned counsel a reasonable fee for their services herein.

**WHEREFORE**, Plaintiff MARTIN prays:

    a. Judgment for compensatory damages in excess of $75,000.00 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## PLAINTIFF MARTIN'S FOURTH AMENDMENT
## CLAIM AGAINST LIZA DOANE, DAVID WALKER, MICHAEL MEYER, and
## KENNTH MORMAN, INDIVIDUALLY, COGNIZABLE
## UNDER TITLE 42 U.S.C. § 1983 FOR MALICIOUS PROSECUTION

For this cause of action against Defendants DOANE, WALKER, MEYER and MORMAN in Count II, Plaintiff states as follows:

33. Plaintiff MARTIN re-alleges and adopts as if fully set forth in Count II, the allegations of paragraphs 1 through 24.

34. Defendants DOANE, WALKER, MEYER, and MORMAN, by direct act and indirect procurement, personally participated in or proximately caused Plaintiff MARTIN'S arrest and detention in the absence of probable cause that Plaintiff MARTIN committed any criminal offense.

35. Defendants DOANE, WALKER, MEYER, and MORMAN, by direct act and indirect procurement, personally participated in an undercover criminal investigation involving individuals attempting to solicit an undercover Tampa Police Officer acting as a prostitute for the purpose of receiving sex for money. Said investigation ultimately resulted in the arrest and detention of the Plaintiff MARTIN on November 12, 2003.

36. The arrest and detention along with the filing of criminal charges against Plaintiff MARTIN was done by the Defendants with malice, in that the Defendants knew or should have known that Plaintiff MARTIN had not violated any laws of the State of Florida and that he had clearly not solicited anyone for sex, especially Defendant DOANE at the time the Plaintiff was arrested and detained.

37. Despite the knowledge the Plaintiff had not violated any laws of the State of Florida, Defendants maliciously proceeded to violate the Fourth Amendment rights of the Plaintiff by

9

arresting and detaining him without sufficient probable cause, which directly resulted in the filing of criminal charges against the Plaintiff, which began the criminal prosecution of the Plaintiff in the criminal courts of the Thirteenth Judicial Circuit of Florida, Hillsborough County, Florida.

38. With the filing of the criminal affidavit charging the Plaintiff with violations of Florida Statutes, the Defendants were the legal cause of the original criminal proceeding filed against the Plaintiff.

39. As a result of the actions or omissions of Defendant DOANE, the original criminal proceeding was terminated with prejudice when Defendant DOANE failed to appear for testimony after the jury was empanelled.

40. The conduct of Defendants DOANE, WALKER, MEYER, and MORMAN toward Plaintiff MARTIN was objectively unreasonable and violated Plaintiff MARTIN'S clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest and detention in the absence of probable cause.

41. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff MARTIN has suffered damages in the nature of being brought into public scandal and humiliation with the filing of criminal charges for solicitation of prostitution being filed against him. Plaintiff MARTIN has also suffered damages in the nature of humiliation and financial suffering in that Plaintiff had to post monetary bond for the charges filed against him, and expended money to obtain the services of an attorney for the purposes of defending against the unlawful conduct of the Defendants.

42. As a further direct and proximate result of the conduct of Defendants DOANE, WALKER, MEYER, and MORMAN, Plaintiff MARTIN has suffered damages for loss of his

liberty and freedom, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the expense of defending himself against the wrongful and unlawful charges. The losses are either permanent or continuing and Plaintiff MARTIN will suffer losses in the future, in violation of Plaintiff MARTIN'S civil rights. Plaintiff MARTIN has agreed to pay the undersigned attorneys a reasonable fee for their services herein.

      **WHEREFORE**, Plaintiff MARTIN prays:

      a.    Judgment for compensatory damages in excess of $75,000.00 dollars;

      b.    Judgment for exemplary damages;

      c.    Cost of suit;

      d.    Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

      e.    Trial by jury as to all issues so triable; and

      f.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## PLAINTIFF MARTIN'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF TAMPA, FLORIDA

For this cause of action against Defendant CITY OF TAMPA, FLORIDA, in Count III, Plaintiff states as follows:

43. Plaintiff MARTIN re-alleges and adopts as if fully set forth in Count III, the allegations of paragraphs 1 through 24.

44. As set forth above, Defendants DOANE, WALKER, MEYER, acting together with other employees of Defendant CITY OF TAMPA POLICE DEPARTMENT, caused the false arrest and false imprisonment of Plaintiff MARTIN.

45. The actions of the employees of Defendant CITY OF TAMPA POLICE DEPARTMENT in arresting Plaintiff MARTIN without probable cause, as set forth, were taken in absence of lawful authority, and constitute false arrest and false imprisonment of Plaintiff MARTIN.

46. The false arrest and false imprisonment of Plaintiff MARTIN by Defendants DOANE, WALKER, and MEYER, acting together with other employees of Defendant CITY OF TAMPA'S police department were committed in the course and scope of their employment as police officers for Defendant CITY OF TAMPA.

47. As a direct and proximate result of the acts described above, Plaintiff MARTIN has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

48. As a further direct and proximate result of the conduct alleged herein, Plaintiff MARTIN has incurred substantial attorney's fees in the defense of the criminal charges filed against him, suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, and the loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff MARTIN will suffer losses in the future, in violation of Plaintiff MARTIN'S civil rights.

**WHEREFORE**, Plaintiff MARTIN prays:

    a. Judgment for compensatory damages in excess of $75,000.00 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against defendants, jointly and severally, for compensatory damages as proven at trial; for an award of punitive damages against the individual defendants jointly and severally; for costs, expenses, and attorneys' fees in this action pursuant to 42 U.S.C. §1988; for an order declaring that the defendants have acted in violation of the United States Constitution; for an order enjoining the defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein, and such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

Respectfully submitted,

*/s/ Ronald J. Kurpiers, II*
RONALD J. KURPIERS, II, Trial Counsel
Fl. Bar No.: 0567140
Kurpiers Law Firm, P.A.
707 N. Franklin Street, 6th Floor
Tampa, FL 33602
(813) 637-2900
Fax (813) 637-2905
Attorney for Plaintiff
rkurpiers@rjklawoffices.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

*/s/ Ronald J. Kurpiers, II*
RONALD J. KURPIERS, II, Trial Counsel
Fl. Bar No.: 0567140
Kurpiers Law Firm, P.A.
707 N. Franklin Street, 6th Floor
Tampa, FL 33602
(813) 637-2900
Fax (813) 637-2905
Attorney for Plaintiff
rkurpiers@rjklawoffices.com